*John D. Thurston*, for respondents.

<hr />

MARY MALONE *vs.* PATRICK RYAN.

In Pub. Stat. R. I. cap. 206, § 9, clause *second*, the words "Trespass on the case" apply to actions *ex delicto*, not to actions *ex contractu*.

An action for breach of promise of marriage is an action *ex contractu*, not *ex delicto*.

TRESPASS ON THE CASE.    On defendant's motion to dismiss the action.

The writ in this case was as follows:

"THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS.

"PROVIDENCE, SC.    *To the Sheriffs of the several counties or to their deputies.*    Greeting:

"We command you to arrest the body of Patrick Ryan, of the town of Lincoln, County of Providence, State of Rhode Island, if he may be found within your precinct, and in safe custody keep to answer the complaint of Mary Malone, of the town of Cumberland, said county and State, at the next Supreme Court to be holden at Providence within and for the County of Providence, on the 1st Monday of October next ensuing the date hereof, in an action of trespass on the case for breach of promise of marriage, as by declaration to be filed in court will be fully set forth; to the damage of the plaintiff five thousand dollars.    Hereof fail not, and make true return of this writ with your doings thereon.

"Witness Hon. Thomas Durfee, Chief Justice of our Supreme Court at Providence, this 11th day of May in the year 1884.

"CHARLES BLAKE, *Clerk.*"

<hr />

The writ was not indorsed with any affidavit, and was served by arrest. The declaration set out a simple breach of promise to marry. The defendant moved for a dismissal of the action on the ground that there had been no legal service of the writ.

The following are the statutory provisions referred to in the opinion of the court.

Pub. Stat. R. I. cap. 206, § 9, is as follows:

### Writs of Arrest.

SECT. 9. An original writ commanding the arrest of any person not exempt by law from arrest may be issued from the Supreme Court, Court of Common Pleas, or any Justice Court:

*First.* In any action for the recovery of a debt or of a state or town tax, the cause of which accrued previous to the first day of July in the year one thousand eight hundred seventy.

*Second.* In any action on penal statutes, or in any action of trover, detinue, trespass, trespass on the case, trespass and ejectment, trespass *quare clausum fregit*, and *scire facias* against bail in criminal cases.

*Third.* Whenever the plaintiff in an action to be commenced by such writ, his agent or attorney, shall make affidavit to be indorsed thereon or annexed thereto, that the plaintiff has a just claim against the defendant upon which the plaintiff expects to recover, in the action commenced by such writ, a sum sufficient to give jurisdiction to the court to which such writ is returnable: *And also*, *either* that the defendant or some one of the defendants is about to leave the State without leaving therein real or personal estate whereon an execution that may be obtained in such action can be served, *or* that the defendant or some one of the defendants has committed fraud in contracting the debt upon which the action is founded, or in the concealment of his property, or in the disposition of the same:

*Provided,* that whenever an arrest shall be made in accordance with the third clause of this section the court to which the writ is made returnable, or any justice thereof, may by order upon application of any defendant so arrested, and for cause shown upon hearing the parties therein, release such defendant from such arrest and discharge the bail, if any, taken thereon, but said writ

shall not be abated on account of such release and discharge, but may be prosecuted to final judgment in the same manner as if no such release and discharge had been granted.

Cap. 226, " Of the relief of poor Debtors," §§ 1, 16, are as follows :

### Relief of Debtors imprisoned.

SECT. 1. Any person who shall be imprisoned for debt, whether on original writ, mesne process, or execution, or for non payment of military fine or town or state taxes, or on execution awarded against him as defendant in any action of trespass and ejectment, or trespass *quare clausum fregit*, in which title to the close was in dispute between the parties, may complain to any justice of the Supreme Court, or to any justice of the peace in the county where such person shall be committed, that he has no estate, real or personal, wherewith to support himself in jail or to pay jail charges, and may request to be admitted to take the poor debtor's oath.

SECT. 16. No person who shall be committed on execution awarded against him as plaintiff in replevin, or as defendant in any action on a penal statute, or in any action of trover or detinue, or for any malicious injury to the person, health, or reputation of the plaintiff in such suit, or for seduction, or for any trespass, excepting only such as are particularly named in section one, shall be deemed to be within the meaning of the provisions of that section, or entitled to be admitted to take the oath as aforesaid.

Cap. 227 " Of poor tort Debtors," § 1, is as follows :

SECT. 1. Any person who shall be imprisoned upon an original writ, mesne process, execution, or upon surrender or commitment by bail in action for breach of promise of marriage, on a penal statute, or in any action of trover, detinue, deceit, trespass and ejectment, or trespass *quare clausum fregit*, in which the title to the close was not in dispute between the parties, or in any action of the case for libel, or for words spoken, or for any action otherwise arising in tort, and who shall complain on oath to the keeper of the jail in which he is imprisoned that he has no estate, real or personal, wherewith to support himself in jail or to pay jail charges, shall be entitled to a citation as hereinafter provided.

*Willard Sayles & Henry J. Dubois*, in support of the motion.

*George J. West, contra.* The Public Statutes of Rhode Island, cap. 206, § 9, authorize an arrest in actions of trespass on the case.

The writ of trespass upon the case lies where a party sues for damages for any wrong or cause of complaint to which covenant or trespass will not lie. Stephen on Pleading, Tyler's ed. p. 48.

Pub. Stat. R. I. cap. 227, § 1, classes the defendant in an action for breach of promise of marriage among poor tort debtors.

The breach of a promise of marriage differs entirely from a breach of an ordinary contract, because marriage is more than an ordinary contract. *Ditson* v. *Ditson*, 4 R. I. 87, 101; Story on Conflict of Laws, § 108; *Maguire* v. *Maguire*, 7 Dana, 181.

It is not a contract within the provisions of the United States Constitution prohibiting States from passing laws impairing the obligations of contracts. *White* v. *White*, 5 Barb. S. C. 474.

It is not a contract within the meaning of the attachment laws. It has no necessary relation to property. *Barnes* v. *Buck*, 1 Lansing, 268.

It scarcely resembles in its main features an action upon contract. *Wade* v. *Kalbfleisch*, 58 N. Y. 282; *Stebbins* v. *Palmer*, 1 Pick. 71.

Nor can it be revived against the executor of the promisor under a statute allowing " actions upon contracts " and for " wrongs to property rights or interests " to be revived. *Wade* v. *Kalbfleisch*, 58 N. Y. 282; *Smith* v. *Sherman*, 4 Cush. 408; *Chamberlain* v. *Williamson*, 2 M. & S. 408.

The principal ground of damages is disappointed hope. The injury complained of is violated faith, more resembling in substance deceit and fraud than a mere common breach of promise. *Stebbins* v. *Palmer*, 1 Pick. 71.

The right to recover damages for breach of promise of marriage is not a debt. *Ex parte Charles*, 14 East, 198; *Walker* v. *Barnes*, 5 Taunton, 778.

*January* 17, 1885. PER CURIAM. We are of the opinion that the action of " trespass on the case," which warrants an arrest under Pub. Stat. R. I. cap. 206, § 9, *second* clause, is the action *ex delicto* or in tort, and not *assumpsit*, *assumpsit* being now commonly denominated an action of the case, the word " trespass " being omitted as more appropriate to tort, and consequently that the defendant in *assumpsit* for a breach of promise of marriage cannot be arrested without the affidavit prescribed by the *third*

clause of § 9, notwithstanding that the action may technically be properly denominated trespass on the case. A promise of marriage is simply a contract. The breach of it is not a tort, though it may resemble a tort in its consequences. We are not convinced that it is to be regarded as other than a breach of the contract because it is classed with torts for certain purposes in cap. 227, § 1; for, though there classed with torts, it is not classed with them in cap. 226, § 16, as would be natural, if it was intended that it should be generally so regarded.        *Motion to dismiss granted.*

*George J. West*, for plaintiff.

*Willard Sayles & Henry J. Dubois*, for defendant.